UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS FOSTER,

    Petitioner,                         Civil No. 04-73794-DT
                                            HONORABLE DENISE PAGE HOOD
v.                                     UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER**
**1) GRANTING PETITONER'S MOTION TO REOPEN HABEAS PETITION AND**
**2) GRANTING PETITONER'S MOTION TO AMEND HABEAS PETITION**

**I.    INTRODUCTION**

On February 23, 2005, this Court entered an opinion and order granting petitioner's motion to hold in abeyance his habeas petition pending the completion of his state post-conviction proceedings. The Court also administratively closed the case. Petitioner, through counsel, has now filed an amended petition for writ of habeas corpus, which this Court construes as a motion to reopen the habeas petition and a motion to amend the habeas petition.

For the reasons stated below, the motion to reopen the habeas petition is **GRANTED**. The motion to amend the habeas petition is also **GRANTED**. The Court orders the Clerk of the Court to serve, by first class mail, a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan

1

Attorney General. The Court further orders respondent to file a responsive pleading to the amended petition, along with any applicable Rule 5 materials within **sixty (60) days** of the Court's order.

II. **LAW & ANALYSIS**

The Court orders that the original habeas petition be reopened. Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because petitioner alleges that his state court post-conviction proceedings have been exhausted, his petition is now ripe for consideration.

The Court also grants petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed. R. Civ. P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). Here, there is no evidence of petitioner bad faith, respondent prejudice, or court delay. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the adjudication of the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court further orders the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Michigan Attorney General by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court also orders respondent to file a response to the amended habeas petition within **sixty (60) days** of the Court's order, because a habeas corpus petitioner who challenges the legality of his state custody is entitled to a reasonably prompt disposition of his petition, *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998), and the Court has discretion here to set a deadline for a response to petitioner's habeas petition. 28 U.S.C. § 2243; *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001).

The Court also orders respondent to file any applicable Rule 5 materials contemporaneously with its response. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions.*Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

### III.  ORDER

Based on the foregoing,

IT IS ORDERED that the motion to reopen the habeas petition is **GRANTED**.

IT IS FURTHER ORDERED that the motion to amend the petition for writ of habeas corpus is **GRANTED.**

IT IS FURTHER ORDERED that the Clerk of the Court serve, by first class mail, a copy of the amended petition and this Order on respondent and the Attorney General.

**IT IS FURTHER ORDERED** that respondent shall file an answer and produce the entire state court record within **sixty (60) days** of the date of this order or show cause why it is unable to comply with the order.

s/ DENISE PAGE HOOD
**HON.DENISE PAGE HOOD**
**UNITED STATES DISTRICT COURT**

Dated: November 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 7, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager