UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS FOSTER

    Plaintiff,

                            CASE NO. 04-73794
v.                           HONORABLE DENISE PAGE HOOD

HUGH WOLFENBARGER,

    Defendant(s).
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATIONS

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation **[Docket No. 16, filed on March 3, 2009]**, recommending the denial of Petitioner's Petition for Writ of Habeas Corpus. Petitioner timely filed objections to the Report and Recommendation on March 5, 2009 **[Docket No. 15]**.

Petitioner raised three grounds for habeas relief. First, he claims ineffective assistance of trial counsel for failure to pursue an alibi defense. Second, he claims that he was denied due process of law when the trial court denied his motion for a directed verdict due to insufficient evidence to support the charge of first-degree murder. Third, Petitioner claims that he was denied a fair trial, as well as the effective assistance of counsel, by counsel's failure to request a jury instruction on voluntary manslaughter.

**II.    FAILURE TO PRESENT AN ALIBI WITNESS**

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Magistrate Judge Majzoub concluded that counsel's limited examination of Petitioner's

alibi defense was not deficient and, because he reasonably investigated the alibi defense, counsel's decision not to present this witness lies within the confines of sound trial strategy. The Magistrate Judge further noted that counsel's failure to present this alibi witness did not prejudice the defense, citing grounds upon which the witness' credibility could be undermined, such as his failure to provide a specific time that Petitioner arrived at his house and the fact that the proposed witness was Petitioner's friend. The Magistrate Judge concluded that the evidence against Petitioner "while not overwhelming was substantial." For these reasons, the Magistrate Judge concluded that the Michigan Court of Appeals' decision that counsel was not ineffective was not based on an unreasonable determination of the facts.

Petitioner objects to this recommendation, contending that the Court of Appeals' decision that counsel was not ineffective was unreasonable because the alibi was consistent with the defense theory, and because trial counsel made the decision not to present the alibi because, after ten or fifteen minutes speaking with the potential witness, he thought the alibi was "vague." Petitioner argues that trial counsel's decision not to present the alibi could not have been a strategic one, as "counsel has a duty to make reasonable investigations," and no "reasonable professional judgment[] support[ed] the limitations on investigation" of the alibi. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984).

The Court agrees with Petitioner that, with respect to the alibi witness, trial counsel's performance was deficient. If trial counsel truly believed that the witness's testimony sounded "vague," he should have done more to investigate the alibi. The fact that this alibi witness was a friend is not relevant, as often those who can provide alibi testimony are those close to the Defendant. As counsel did not perform a thorough investigation into the alibi, his decision not to present the alibi cannot be considered sound trial strategy. Trial counsel should have investigated further, including ascertaining whether any other individual was present who could support the alibi. The Court finds that counsel's performance was deficient, satisfying the first

prong of *Strickland*.

To prevail on an ineffective assistance of counsel claim, Petitioner must not only demonstrate that counsel's performance was deficient, but also that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). As noted in the Report and Recommendation, during trial, Petitioner was positively identified by an eyewitness in close proximity to the shooter, Petitioner wore the same jacket on the night of the shooting that another witness identified as being that of the shooter, there was an altercation between Petitioner and the victim, and Petitioner knew where the victim lived, which is where the shooting occurred. While the Court finds trial counsel's performance to have been deficient, this Court finds that, when weighed against the substantial evidence presented against Petitioner at trial, there is no reasonable probability that presenting the alibi defense would have yielded a different outcome. Petitioner is not entitled to habeas relief on this claim.

## III. INSUFFICIENT EVIDENCE

The Michigan Court of Appeals found that, viewing all evidence in the light most favorable to the prosecution, the evidence presented at trial was sufficient to enable a jury to infer all of the necessary elements of first-degree murder. Petitioner objects to the Report and Recommendation on the basis that the trial court stated that it was a close call when ruling on the motion for directed verdict. Even if it was a close call, sufficient evidence supports a conviction if, after viewing the evidence (and the inferences to be drawn therefrom) in the light most favorable to the prosecution, the court can conclude that *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (emphasis added). The Magistrate Judge recommends denying Petitioner's claim that he was denied due process of law, as Petitioner has failed to show that the Michigan Court of Appeals' finding is either based on an unreasonable determination of the facts or is

3

contrary to clearly established federal law. This Court agrees. Petitioner is not entitled to habeas relief on this claim.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO REQUEST VOLUNTARY MANSLAUGHTER JURY INSTRUCTION

Petitioner objects to the Magistrate Judge's conclusion that the evidence presented at trial did not support a conviction for voluntary manslaughter, and therefore, Petitioner's trial counsel was not ineffective for failing to request an instruction on manslaughter. Petitioner argues that the provocation could have been a number of incidents including the victim's physical assault of Petitioner, the victim's threats to kill Petitioner, and words exchanged just prior to the shooting. Petitioner claims that trial counsel was ineffective for failing to request a jury instruction on voluntary manslaughter. The Magistrate Judge recommends that Petitioner's ineffective assistance of counsel claim be denied. This Court agrees. Petitioner failed to overcome the presumption that the failure to request a voluntary manslaughter instruction was sound trial strategy. Petitioner's claim was that he was misidentified as the shooter. Although Petitioner can argue inconsistent, alternative defenses, trial counsel could have decided not to pursue a voluntary manslaughter instruction, as it might have undermined the misidentification defense. Trial counsel did not perform deficiently by not requesting such an instruction, and the failure to request such an instruction did not prejudice Petitioner. Petitioner is not entitled to habeas relief on this claim.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Here, the Court concludes that jurists of reason would not find the Court's assessment of the claim based on the denial of Petitioner's motion for a directed verdict as unreasonable or debatable. The Court further concludes that jurists of reason would not find the Court's assessment of Petitioner's ineffective assistance of counsel claim for failure to request a voluntary manslaughter jury instruction either unreasonable or debatable. The Court does find that reasonable jurists could find the Court's assessment of Petitioner's claim for ineffective assistance of counsel based on trial counsel's failure to pursue an alibi defense debatable. Therefore, the Court issues Petitioner a certificate of appealability for the ineffective assistance of counsel claim based on trial counsel's failure to pursue an alibi defense only. The Court also grants Petitioner leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## VI.   CONCLUSION

For the reasons set forth above and in the Report and Recommendation,

**IT IS ORDERED** that Magistrate Judge Mona K. Majzoub's Report and Recommendation

5

**[Docket No. 16, filed on March 3, 2009]**, as modified by this order, is **ACCEPTED** as this Court's findings and conclusions of law. Petitioner's Petition for Writ of Habeas Corpus **[Docket No. 1, filed on September 28, 2004]** is **DENIED.**

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: July 27, 2010

     I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2010, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager